DEER CREEK AND FRENCH CORRAL TURNPIKE CO., Appellants, v. WILLIAM B. OAGUE, Respondent.

No. 1099; November 18, 1856.

**Highway.**—The Question Whether an Alleged Road franchise is good, or whether the road, through dedication or user, possession and claim of right, belongs to the public, is for the jury.

APPEAL from Fourteenth Judicial District, Nevada County.

This was an action of trespass brought for an entry, as alleged, unlawful and with force of arms, upon the plaintiff's property and for the tearing away of its toll-gate. The testimony showed that the gate was torn away; that Oague at the time was road supervisor of the township; that shortly before the board of supervisors of the county had given him orders to remove all obstructions from the road running from Marysville to French Corral, which was the course of this road;

that the plaintiff was incorporated before there ever had been a board of supervisors of Nevada county; that the main part of the road had always been a private toll road under control of the court of sessions; that after the last session of that court and before the first meeting of said board of supervisors the plaintiff had become incorporated. Effort was made to charge by testimony a fraudulent incorporation, but the official records were introduced and these showed a compliance with the act authorizing the company's becoming a corporate body.

Francis J. Dunn for appellants; Sargeant & Churchman and McConnell for respondent.

HEYDENFELDT, J.—There is no evidence in the record which goes to support the plea of nul tiel corporation, and that question is therefore not to be considered. The whole controversy in this case turns upon the question of proprietorship; that is, whether the road was a public road or belonged to the plaintiff as a franchise. The determination of this fact depended upon the evidence as to the prior use of the road, its dedication to the public at any period of time, free from tolls or its investiture in the plaintiff, and their continued possession and claim of right. These matters of mere fact were properly left to the jury, under the circumstances detailed in evidence, and the court charged the law correctly. Indeed, there seems to have been no refusal on the part of the court, to give all the charges asked for by the plaintiff, and in the argument it is not urged that the court committed any error except in refusing a new trial, upon the ground that the verdict was contrary to evidence. It has always been the rule of this court not to interfere with a verdict, where the evidence is conflicting. In the evidence set out in the record there is enough to warrant the finding, and we will not disturb it.

Judgment affirmed.

We concur: Murray, C. J.; Terry, J.